IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73292-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| GREGORY PARIS, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 8, 2016 |

SCHINDLER, J. — Gregory Paris appeals the jury conviction of attempted indecent liberties. Paris argues the Washington pattern jury instruction defining "reasonable doubt" is unconstitutional. We recently considered and rejected the same argument in State v. Lizarraga, 191 Wn. App. 530, 567, 364 P.3d 810 (2015). We adhere to our decision, and affirm the jury conviction.

The State charged Gregory Paris with attempted indecent liberties in violation of RCW 9A.28.020 and RCW 9A.44.100(1)(b).

At the conclusion of trial, the court instructed the jury on the definition of "reasonable doubt" using 11 Washington Practice: Washington Pattern Jury Instructions: Criminal 4.01, at 27 (3d ed. Supp. 2014-15) (WPIC). Paris did not object to the instruction. The jury convicted Paris.

For the first time on appeal, Paris claims WPIC 4.01 is unconstitutional. Paris argues the language defining a reasonable doubt as "one for which a reason exists"

misstates the reasonable doubt standard by undermining the presumption of innocence and shifting the burden of proof. A jury instruction that misstates the reasonable doubt standard or shifts the burden of proof to the defendant is manifest constitutional error that may be raised for the first time on appeal. RAP 2.5(a)(3); State v. Kalebaugh, 183 Wn.2d 578, 584-85, 355 P.3d 253 (2015); State v. Scott, 110 Wn.2d 682, 688 n.5, 757 P.2d 492 (1988).

We recently considered and rejected the same argument and challenge to WPIC 4.01 in Lizarraga, 191 Wn. App. at 567. We adhere to our decision in Lizarraga and conclude the court did not err in using WPIC 4.01 to instruct the jury on reasonable doubt.

Paris requests the court exercise its discretion under RCW 10.73.160(1) to waive appellate costs. Under the nonexclusive factors in State v. Sinclair, 192 Wn. App. 380, 391, 367 P.3d 612 (2016), we waive the imposition of appellate costs.[1]

We affirm Paris's conviction but waive the imposition of appellate costs.

WE CONCUR:

---

[1] Because we waive the imposition of appellate costs, we need not address Paris's as-applied substantive due process challenge to the imposition of appellate costs.

2